IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

-------------------------------------------------------- :

UNITED STATES OF AMERICA        : CASE NO. 1:04 CV 478

                                :

                     Plaintiff  :

                                :

          -vs-                  : <u>MEMORANDUM OF OPINION AND</u>

                                : <u>ORDER GRANTING IN PART AND</u>

                                : <u>DENYING IN PART THE</u>

GERALD ATKINSON                 : <u>GOVERNMENT'S MOTION IN LIMINE</u>

                                : <u>(ECF 51)</u>

                     Defendant  :

                                :

-------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter is before the Court on the government's motion in limine requesting exclusion of evidence regarding alleged drug use and sexual activity of two of the government's witnesses. (ECF 51). The government also requests the defendant be precluded from referring in his opening argument to the alleged drug use and sexual activity of the government's witnesses. The defendant, Gerald Atkinson, filed a memorandum of law in opposition to the government's motion in limine and in support of introducing evidence "establishing Robert Buerger's and Terrell Perkins' drug and alcohol use and Terrell Perkins' sexual activities in the workplace." (ECF 52).

For the reasons set forth below, the government's motion is granted in part and denied in part. Evidence of workplace drug use by the government's witnesses may be

offered by the defendant during trial, and the defendant may refer to alleged drug use during his opening statement.

The defendant is precluded from submitting evidence of alleged workplace sexual activity of government witness Terrell Perkins.

Pursuant to Rule 608 of the Federal Rules of Civil Procedure, the government seeks exclusion of evidence that its witnesses, Terrell Perkins and Robert Buerger, ingested marijuana on the premises of Electrolyzing Corporation of Ohio ("Electrolyzing").  Rule 608 provides:

> (a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
>
> (b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The text of this Rule relates solely to the admissibility of extrinsic evidence regarding specific instances of conduct – it would not preclude questioning the government's witnesses on cross-examination regarding their alleged drug use.   Further, Rule 608 precludes extrinsic evidence of "specific instances of conduct" that is offered <u>solely</u> for the purpose "attacking the witness' character for truthfulness."  To the extent the

purported workplace marijuana use relates to matters other than the witnesses' character for truthfulness it need not be excluded under Rule 608.  United States v. Phillips, 888 F.2d 38, 41 (6th Cir. 1989) ("Extrinsic evidence of prior misconduct should be excluded when it is only 'remotely relevant.'")

Defendant argues that evidence of workplace marijuana use and sexual activity is relevant to matters other than the witnesses' character for truthfulness.   Such matters include the witnesses' mental capacity, motive and bias.  (ECF 52).  "Evidence of a witnesses' prior drug use may be admitted insofar as it relates to his possible inability to recollect and relate."  United States v. Mojica, 185 F.3d 780, 788 (7th Cir. 1999 ).  Further, "prior misconduct of a witness which is probative of the bias of that witness may be proved by extrinsic evidence."  Phillips, 888 F.2d at 41.

Here, the defendant has made a sufficient preliminary showing that evidence Messrs. Perkins and Buerger imbibed marijuana and alcohol together at Electrolyzing is relevant to the witnesses' mental capacity, motive and bias.  The alleged marijuana use occurred at Electrolyzing – the very location of the purported criminal conduct in this case.  In this regard, this case is distinguishable from the Philips case where the single alleged instance of drug use was at a party both temporally and physically distant from the crime charged.  Phillips, 888 F.2d at 40.   Here, evidence of the government witnesses' continued and regular drug use at Electrolyzing is not "remotely relevant" nor does it appear to be unduly prejudicial.

In contrast, evidence of alleged workplace sexual activities by Mr. Perkins is far less relevant than the alleged drug use and is inflammatory.  Thus, evidence of Mr. Perkins workplace sexual activity will be precluded.

3

**CONCLUSION**

For the reasons set forth above, the government's motion in limine is granted in part and denied in part.  The defendant is precluded from referring to alleged sexual activity of a government's witness during defendant's opening statement.  The defendant also is precluded from submitting evidence of alleged workplace sexual activity of government witness Terrell Perkins during trial.

Evidence of workplace drug use by the government's witnesses, Terrell Perkins and Robert Buerger, may be offered into evidence during trial.

Consistent with this Order, the government's objections raised during the deposition of Nicolino Miniello are overruled.

IT IS SO ORDERED.


    /s/Lesley Wells
    UNITED STATES DISTRICT JUDGE


Dated: 28 December 2005